
**KREINDLER & KREINDLER LLP**
Gretchen M. Nelson (SBN 112566)
gnelson@kreindler.com
707 Wilshire Blvd, Suite 3600
Los Angeles, CA 90017
Tel.: (213) 622-6469
Fax: (213) 622-6019

**KREINDLER & KREINDLER LLP**
Marc S. Moller
mmoller@kreindler.com
Justin T. Green
jgreen@kreindler.com
Brian J. Alexander
balexander@kreindler.com
750 Third Avenue
New York, NY 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432

*Attorneys for Plaintiffs*

REDACTED COPY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **IN RE AIR CRASH AT SAN FRANCISCO, CALIFORNIA, ON JULY 6, 2013,** ———————————————————— JINHUA YANG and JINGTAO XIE, as Guardians Ad Litem and Custodial Parents of J.X. a minor<br><br>Plaintiffs,<br><br>vs.<br><br>ASIANA AIRLINES, INC., a corporation; and THE BOEING COMPANY, a corporation<br><br>Defendants. | **MDL No. 2497**<br><br>This Document Relates to:<br>*Yang, et al. v. Asiana Airlines, Inc., et al.*, Case No. 13-cv-5941-YGR<br><br>**DECLARATION OF MARC S. MOLLER IN SUPPORT OF YANG/XIE PLAINTIFFS' MOTION FOR APPROVAL OF MINOR'S COMPROMISE** |

I, Marc S. Moller, declare:

1. I am an attorney licensed to practice in New York and am counsel of record for the Yang/Xie plaintiffs in this case.

2. This declaration is made in support of the Yang/Xie Plaintiffs' Motion for Approval of Minor's Compromise. If called as a witness, I could and would be competent to testify under oath to the facts below, which are personally known to me.

3. J.X. (the "minor") is a Chinese citizen and resident. J.X..'s date of birth is ▮▮▮▮▮▮▮▮.

4. J.X. sustained minor physical and emotional injuries in the July 6, 2013 Asiana Airlines crash. All of her injuries have resolved and she is neither receiving treatment for any injuries resulting from the crash nor has any plans to seek treatment in the future.

5. Through her natural parents and guardians ad litem, Jinhua Yang and Jingtao Xie, an agreement has been reached to settle all claims on behalf of J.X. against Asiana Airlines and the Boeing Company. This agreement is similar to the settled claims of many other plaintiffs or claimants who either received no injuries or very minor injuries in the subject crash. There is United States jurisdiction over this claim, which arose out of incidents occurring in this judicial district.

6. The terms of the settlement are that a fee of ▮ percent will be charged against the ▮▮▮▮▮ gross settlement amount less expenses of $▮▮▮▮▮. Therefore, net recovery is defined as ▮▮▮▮▮ minus ▮▮▮▮▮ (attorneys' fees and return of disbursements) plus a ▮▮▮▮ advance upon which no attorneys' fees were charged less payment for a medical lien of ▮▮, for a total net recovery of ▮▮▮▮▮.

7. Attached hereto as Exhibit 1 is a true and correct copy of the release and settlement agreements for J.X.

8. The undersigned counsel represents one hundred and one (101) individuals who were passengers aboard the subject flight. Costs that were common to all clients were split equitably among them

2

including, for example document reproduction, postage, participation in a Jury Focus Group and court costs incurred in the litigation filed against the Boeing Company and Asiana Airlines as well as the costs incurred by counsel when travelling to meet with clients and their families residing in China or elsewhere in Asia. That last category of costs (travel to Asia) was split equitably among all clients with whom counsel met on any given trip. J.X. was also charged individually for those costs associated solely with her case, such as translation work in explaining various legal documents, settlement proposals and settlement proceeds distribution options. The individual and consolidated expenses for J.X. totaled ■■■. In addition, counsel filed a protective action in Korea, which accounted for a one-time expense of ■■■ and arranged and paid for counseling for J.X. which accounted for an additional ■■■ in expenses. The total case expenses assessed to J.X. came to ■■■.

9. The attorneys' fees for J.X. are ■■ of the ■■■ gross settlement amount less expenses of $■■■ or $■■■. No attorneys' fees were charged against the advance payment of ■■■.

10. Because J.X. is a minor, we worked with her natural parents and guardians ad litem to determine a satisfactory method for protecting the proceeds of the settlement for J.X. until she reaches the age of maturity in ■■.

11. J.X.'s natural parents and guardians ad litem were provided information about structured settlements.

12. Given that in just over two years J.X. will be entitled to access her settlement funds, which she intends to use in connection with education expenses, the annuity structures were not to her benefit, as the cost would exceed the additional financial returns. J.X.'s natural parents and guardians ad litem therefore ultimately declined to purchase an annuity with the net settlement proceeds.

3

13. I had several conversations with attorneys and bankers in China about the possibility of creating a trust or other account or savings vehicle for J.X. in China, but was told by each person with whom I consulted that there was no way to protect the proceeds of such an account from access by the minor's parents and guardians.

14. Based on my substantial research and work on this issue, I believe that the only non-annuity vehicle through which the net settlement proceeds can be protected from anyone other than J.X. is to deposit them in a certificate of deposit or trust account for J.X. with a United States financial institution in an account that would be preserved until J.X.'s eighteenth birthday, ▇▇▇▇▇▇ at which time it would be released.

15. Because J.X. is not a United States citizen or resident, she cannot maintain a United States depository bank account.

16. I believe that maintaining the settlement proceeds in an FDIC insured account with a United States financial institution until ▇▇▇▇▇▇ is reasonable, appropriate and in the best interests of J.X.

17. I and other attorneys in my firm presented J.X.'s natural parents and guardians ad litem two non-annuity options: (1) an interest-bearing certificate of deposit to be purchased and held by Kreindler & Kreindler LLP in trust for J.X. until she turns 18; or (2) a specially-designated trust account with J.P. Morgan Chase Bank, N.A. under the primary attorney escrow account of Kreindler & Kreindler LLP (with Kreindler & Kreindler acting as the trustee of the account) which would generate some interest and dividends.  Under either scenario, Kreindler & Kreindler LLP advised the Yang/Xie plaintiffs that it would provide them copies of all bank statements and any other relevant banking information.  After due consideration, the Yang/Xie plaintiffs selected the second option.

18. Attached hereto as Exhibit 2 is a true and correct copy of a letter from J.P. Morgan Chase Bank,

4

N.A. confirming that it can open a specially-designated interest-bearing trust account with Kreindler & Kreindler LLP acting as trustee of the account ton behalf of the individual, which in this case would be the minor J.X.

I declare under penalty of perjury that the foregoing is true and correct of my own personal knowledge.

Dated: April 26, 2016                              /s/
                                                                Marc S. Moller